Anthony Marsh, WSBA No. 45194
anthony@hlg.lawyer
Lara Herrmann, WSBA No. 30564
lara@hlg.lawyer
**HERRMANN LAW GROUP**
505 Fifth Ave S, Ste. 330
Seattle, WA  98104
T: 206-625-9104
F: 206-682-6710
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT IN AND FOR
THE WESTERN DISTRICT OF WASHINGTON IN SEATTLE

| | |
|---|---|
| **DONNA ROBERTSON**, individually, and in her capacity as legal guardian of **CARY BAYLIS**;<br><br>Plaintiffs,<br><br>v.<br><br>**DELTA AIR LINES, INC.**, a foreign business corporation, registered in the State of Delaware;<br><br>and<br><br>**JAPAN AIRLINES CO., LTD.**, a foreign business corporation, registered in Tokyo, Japan;<br><br>Defendants. | No.<br><br>**COMPLAINT FOR:**<br>1. TREATY LIABILITY  (DELTA AIR LINES)<br>2. COMMON CARRIER NEGLIGENCE (DELTA AIR LINES)<br>3. NEGLIGENCE (JAPAN AIR LINES)<br>4. LOSS OF CONSORTIUM (DELTA AIR LINES AND JAPAN AIRLINES)<br>5. GROSS NEGLIGENCE (DELTA AIR LINES AND JAPAN AIRLINES)<br>6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (DELTA AIR LINES AND JAPAN AIRLINES)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COMPLAINT - 1

**HERRMANN LAW GROUP**
505 Fifth Ave S, Ste. 330
Seattle, WA  98104
T: 206-625-9104
F: 206-682-6710

COME NOW Plaintiffs to allege the following Complaint against defendants as follows.

## NATURE OF ACTION

1. Plaintiffs seek compensation for damages caused by personal injuries suffered in a ground collision between two aircraft at Seattle Tacoma International Airport on February 5, 2025. Plaintiffs were passengers onboard Defendant Delta Air Lines' international flight DL 1921 to Puerto Vallarta, Mexico, which after departing its gate, was momentarily parked, waiting for permission from the airport's Air Traffic Control (ATC) to approach the runway when it was struck by Defendant Japan Airlines flight JL 68, which was taxiing to its assigned gate after landing on a flight from Tokyo, Japan.

## PARTIES

2. Plaintiff **Donna Robertson** was a passenger injured onboard Delta flight DL 1921 during the collision. She is a U.S. citizen and maintains her principal residence in the State of Washington. Further, her roundtrip ticket to Puerto Vallarta, Mexico was purchased in the USA a and the place last destination on her ticket was the return flight to Seattle, Washington.

3. Plaintiff **Cary Baylis** was a passenger injured onboard Delta flight DL 1921 during the collision. He is a U.S. citizen and maintains his principal residence in the State of Washington. Further, his roundtrip ticket to Puerto Vallarta, Mexico was purchased in the USA and the place last destination on his ticket was the return flight to Seattle, Washington. Plaintiff **Donna Robertson** is the legal guardian/power of attorney for **Cary Baylis**, as he is an incapacitated individual.

4. Defendant **Delta Air Lines, Inc. (Delta)** is a Delaware corporation whose headquarters and principal place of business is in Atlanta, Georgia. It is registered with the Washington Secretary of State. It is present

COMPLAINT - 2

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

and doing business with systematic and continuous contacts within the Western District of Washington.

5. Defendant **Japan Airlines Co. Ltd. (JAL)** is a corporation whose headquarters and principal place of business is in Tokyo, Japan. It is registered with the Washington Secretary of State. It is present and doing business with systematic and continuous contacts within the Western District of Washington.

## JURISDICTION

6. **Delta's** international flight DL 1921 is governed by the CONVENTION FOR THE UNIFICATION OF CERTAIN RULES FOR INTERNATIONAL CARRIAGE BY AIR, created in Montreal, Canada on May 28, 1999. (MONTREAL CONVENTION). This Court has original jurisdiction over Plaintiffs' actions against Delta under Article III of the U.S. Constitution and pursuant to 28 U.S.C. § 1331 FEDERAL QUESTION.

7. Plaintiffs' claims against Defendant **JAL** arise under the common law regarding negligence and the duties of a common carrier of the State of Washington. However, these claims are all so closely related to the claims against Defendant **Delta** over which this Court has original federal question jurisdiction they form part of the same cause of action and/or controversy under Article III of the United States Constitution. Pursuant to 28 U.S.C. §1367 (1990) SUPPLEMENTAL JURISDICTION, this Court has supplemental federal jurisdiction over the otherwise state claims against Defendant **JAL**.

## VENUE

8. This air crash occurred at SeaTac Airport, which is within King County in this district. Plaintiffs are all residents of King County. Both defendants are present and doing business in this district. Venue is proper in this Court under 28 U.S.C. § 1391 (2011) VENUE.

COMPLAINT - 3

# FACTS

9. On February 5, 2025, Plaintiffs were passengers onboard **Delta** flight DL 1921 when departing from Seattle-Tacoma International Airport (SEA) in King County Washington. Washington, USA, at the start of a roundtrip flight to Puerto Vallarta, Mexico. The flight has left the gate but had stopped waiting for instructions to proceed towards the runway. The plane stopped where the aft tail section of the aircraft protruded out into the pathway of **JAL** flight JAL68, which had just arrived from Tokyo, Japan and was proceeding toward its assigned gate.

10. The crew of the **Delta** aircraft failed to notice that its aft tail section protruded into the pathway of the **JAL** aircraft while the crew of the JAL aircraft failed to notice that the outer section of its right wing would strike the aft tail section of the **Delta** aircraft. The result of both of these crews inattention was that the end of **JAL's** right wing forcefully struck the tail section of the Delta aircraft causing it to jolt forward several feet in a twisting motion to the right.

11. Plaintiff **Donna Robertson** was traveling with her brother **Cary Baylis** to a family wedding in Mexico.

12. She had a history of back surgeries making her susceptible to injury.

13. She had a wheelchair notation on her ticket for the trip.

14. She sat in the aisle seat, with her brother next to her.

15. When the two aircraft collided, her knee flew forward and impacted the seat. Her body went into spasm.

16. Plaintiff **Cary Baylis** has an autism diagnosis and does not speak. Though he did not vocalize his pain, Plaintiff **Donna Robertson** could tell through body language and direct observation he was favoring his right shoulder, low back, and leg.

COMPLAINT - 4

**HERRMANN LAW GROUP**
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

17. After the crash, the other passengers were deboarded but Plaintiffs remained onboard until assistance could arrive.

## RESPONDEAT SUPERIOR

18. All acts and/or omissions by employees and agents of both Defendants **Delta** and **JAL** as described above contributed to this accident and were performed within the scope of and in furtherance of their employment and/or agency. Under the doctrine of *respondeat superior,* defendants are liable for the acts or omissions of their employees and/or agents.

## CAUSES OF ACTION

### COUNT I – Treaty Liability (Delta)

19. The allegations in all above paragraphs are re-alleged and incorporated herein by reference as though set forth.

20. The liability of **Delta** is governed by the MONTREAL CONVENTION Art. 17(1), Art. 21(1), as increased by Art. 24 provide that **Delta** is strictly liable for plaintiffs' recoverable damages up to a value of 151,880 Special Drawing Rights (SDR), which equals approximately $215,459.03 at the time of drafting this complaint.

21. Further, under Montreal Convention Art. 21(2), for damages exceeding 151,880 SDR, **Delta** has the affirmative burden to "*prove that: (a) such damage was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) such damage was solely due to the negligence or other wrongful act or omission of a third party.*"

22. Delta cannot meet that burden of proof. Plaintiffs' injuries and damages were caused by the negligence of its flight crew.

### COUNT II – Common Carrier Negligence(Delta)

23. At the time of this accident, **Delta** was a common carrier because it was engaged in the transportation of fare paying passengers including these

COMPLAINT - 5

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

plaintiffs. Its crew had the duty to exercise the *highest degree* of care consistent with the practical operation of a commercial aircraft engaged in carrying fare paying passengers.

24. By waiting in a spot where the aircraft's tail protruded into the pathway of another aircraft taxing to the gate and by failing to keep a diligent lookout for other moving aircraft in a congested area near the airport gates, the Delta crew failed in its duty of care as a common carrier they owed the plaintiffs.

### COUNT III - Negligence (JAL)

25. The allegations in all above paragraphs are re-alleged and incorporated herein by reference as though set forth.

26. The **JAL** crew had the duty to use the amount of care a reasonable aircraft operator would have used in like and similar circumstances to position and move their airplane on the ground in and around **SEA** airport.

27. The JAL crew's failure to keep a proper lookout and to maintain a safe distance between it aircraft and other aircraft in the congested area near their assigned arrival gate was negligent.

28. **JAL** is liable for all of plaintiffs' damages proximately caused by this air collision.

### COUNT IV – Gross Negligence (Delta & JAL)

29. The allegations in all above paragraphs are re-alleged and incorporated herein by reference as though set forth.

30. Defendants had to refrain from grossly negligent acts and omissions and Defendants' failure to do so constituted gross negligence.

### COUNT V – Negligent Infliction of Emotional Distress (Delta & JAL)

31. The allegations in all above paragraphs are re-alleged and incorporated herein by reference as though set forth.

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

32. Defendants' conduct constituted all forms of common law negligence, or gross negligence, and/or as applied to Delta, common carrier negligence. Defendants are liable for the emotional distress suffered by plaintiffs caused by defendants misfeasance, malfeasance, and omissions.

### COUNT IV – Loss of Consortium (Delta & JAL)

33. The allegations in all above paragraphs are re-alleged and incorporated herein by reference as though set forth.

34. Plaintiffs **Donna Robertson** and **Cary Baylis** are siblings. **Donna Robertson is Cary Baylis'** primary caregiver. Plaintiffs' damages include loss of consortium due to serious injuries suffered by their family members. They also include economic damages for medical treatment and other out of pocket expense incurred. They include noneconomic damages for all amounts available by law. They claim against both **Delta** and **JAL** on all causes of action for loss of support and/or services; as well as loss of companionship, comfort, affection, society, moral support, deprivation of his/her physical assistance in operating and maintaining the family home and all other damages they have sustained that are allowable by applicable law, the nature and extent of which will be proven at trial.

### RESERVATION

35. Plaintiffs' investigation remains ongoing. Discovery may reveal additional acts of negligence by agents of this defendant or establish that other, so far unnamed, persons or entities may also be at fault that may also have been a contributing cause of this accident.

36. Further, the exact nature and full extent of Plaintiffs' injuries and damages are unknown, they may have additional claims and/or causes of action.

37. To the extent the Court will allow, Plaintiffs reserve the right to subsequently amend this complaint.

COMPLAINT - 7

**HERRMANN LAW GROUP**
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

**DAMAGES**

38. All Plaintiffs onboard the airplane at the time of the accident suffered serious injuries including, but not limited to, physical injury, pain and suffering, disability, disfigurement, together with fear and other emotional trauma casually related to their bodily injuries, the nature and extent of which will be proven at trial.

39. Plaintiffs have sustained economic damages, and will in the future, including loss or damage to personal property, costs of medical treatment, prescriptions, medical supplies, other medical expenses, transportation, and loss of income; the nature and extent of which will be proven at trial.

40. Plaintiffs' investigation remains ongoing. Discovery may reveal additional acts of negligence by agents of these defendants or establish that other, so far unnamed, persons or entities may also be at fault and a cause contributing to this accident.

41. Further, the exact nature and full extent of plaintiffs' injuries and damages are unknown, they may have additional claims and/or causes of action.

42. To the extent the law and the Court will allow, Plaintiffs reserve the right to subsequently amend this complaint.

**PRAYER FOR RELIEF**

43. **WHEREFORE,** Plaintiffs pray for judgment against the defendants awarding plaintiffs the following according to proof:

    a. Economic and non–economic compensatory damages;

    b. For injunctive relief mandating that all **Delta** and **JAL** pilots receive comprehensive training and demonstrate minimum proficiency in taxiing procedures and basic safety protocols;

    c. Pre-judgment and post-judgment interest;

    d. Actual attorneys' fees and costs incurred;

COMPLAINT - 8

**HERRMANN LAW GROUP**
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

   e. Punitive damages to the extent permitted by law;

   f. Such other relief as the Court deems just and equitable.

44. The exact nature and the full extent of which will be proven at trial.

## DEMAND FOR JURY TRIAL

45. Plaintiffs demand trial by jury on all issues.

DATED this 5th day of August, 2025.

        ***HERRMANN LAW GROUP***

        */s/ Anthony Marsh*

        Anthony Marsh, WSBA No. 45194
        Lara Herrmann, WSBA No. 30564
        Attorneys for Plaintiffs

COMPLAINT - 9

**HERRMANN LAW GROUP**
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710